# EXHIBIT A

# EXHIBIT A

Electronically Filed
07/17/2015 04:36:07 PM

CLERK OF THE COURT

1  COMP
   ROBERT J. FLUMMERFELT, ESQ.
2  Nevada Bar No.: 11122
   ELIZABETH M. TULLIO, ESQ.
3  Nevada Bar No. 13600
4  CANON LAW SERVICES, LLC
   CanonLawServices@Gmail.com
5  7251 West Lake Mead Blvd., Suite 300
   Las Vegas, Nevada 89128
6  Telephone:   (702) 562-4144
   Facsimile:   (702) 866-9868
7
8  Attorneys for Plaintiff Bernard Sands

9                       DISTRICT COURT

10                  CLARK COUNTY, NEVADA

11 BERNARD SANDS, an individual,              CASE NO.: A-15-721695-C
12         Plaintiff,
                                              DEPT. NO.: XV
13 vs.
14
   RAMPARTS INC., D/B/A LUXOR HOTEL &         COMPLAINT
15 CASINO, a corporation; and DOES I-X, and
   ROE CORPORATIONS I-X, inclusive;          (ARBITRATION EXEMPTION
16                                            CLAIMED: Declaratory Relief
17                                            Requested)
           Defendants.
18

19     COMES NOW, BERNARD SANDS, an individual ("Plaintiff"), by and through his

20 attorneys of record, ROBERT J. FLUMMERFELT, ESQ., and ELIZABETH M. TULLIO,

21 ESQ., of the law firm of CANON LAW SERVICES, LLC, for Plaintiff's causes of action
22
   against Defendant and alleges as follows:
23
                                  I.
24
                       PARTIES AND JURISDICTION
25
26   1. All acts complained of and alleged herein occurred in Clark County, Nevada.
27   2. That Plaintiff, BERNARD SANDS, is a resident of Clark County, Nevada.
28

- Page 1 of 8 -

3. That Defendant RAMPARTS, INC., d/b/a LUXOR HOTEL AND CASINO (hereinafter "LUXOR"), is, upon information and belief, a corporation registered in the State of Nevada.

4. Based on information and belief, Defendant does, and at all times relevant to this Complaint, did employ more than 15 persons at the LUXOR.

5. Based on information and belief, Defendant is, and at all times relevant was, engaged in industry affecting interstate commerce.

6. Based on information and belief, Defendant was, at all times relevant to this Complaint, the direct employer of Plaintiff.

7. Pursuant to NRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873 (Nev. 1991), the identity of resident and non-resident Defendants designated herein as DOES I-XX and ROE CORPORATIONS I-XX, inclusive, are unknown to Plaintiff at this present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts on which this action is premised, or of similar actions directed against Plaintiff about which they are presently unaware. As the specific identities of these parties are revealed through the course of discovery, the DOES and ROES will be replaced to identify these parties by their true names and capacities.

8. Jurisdiction and venue are proper in this Court.

## II.
## GENERAL ALLEGATIONS

9. Plaintiff repeats and re-alleges the allegations contained above and by this reference incorporate the same herein as if set forth in full.

10. Plaintiff was employed with the MGM group as a baker since 1992 and worked primarily at the Excalibur, until he was transferred to the Luxor in 2010.

11. Working as a baker was very physically taxing; it included heavy lifting, quick assembly, and constant work. For example, Plaintiff worked on an assembly line making cakes,

which required him and 3 to 4 others to lift, move, and mix 50lb bags of dry mixes, while decorating and finishing hundreds of baked goods.

12. Because of this work and the uncomfortable physical positioning of his arms during said work, Plaintiff had developed serious back and shoulder issues, tearing both rotator cuffs, having herniated discs in his lumbar and associated chronic pain.

13. Plaintiff was hospitalized in late 2008 for shoulder surgery. When Plaintiff returned to the MGM, his employers discussed terminating him. In response Plaintiff went to the NAACP, as well as sought out EEOC information, ultimately MGM transferred him to the LUXOR.

14. Following Plaintiff's transfer to LUXOR, following his transfer Plaintiff lost his seniority status and was given the "bottom of the totem pole" work, which consisted of a great deal of physically strenuous activity.

15. Plaintiff's back and shoulder issues became more severe and Plaintiff was diagnosed as totally disabled in November of 2013.

16. Plaintiff brought his medical diagnosis to his employer LUXOR, a condition of which includes the following diagnoses: lumbar stenosis, lumbar spondylosis, cervical degenerative disc disease with radiculopathy, lumbar herniated disc, and fibromyalgia.

17. LUXOR in response told Plaintiff "that their position does not have light duty – have to do it 100% or you can't do it at all."

18. Plaintiff told LUXOR repeatedly of his issues and Plaintiff's supervisor would simply say it was not his problem.

19. LUXOR failed to provide reasonable accommodation, or even attempt to help Plaintiff.

20. LUXOR instead had Plaintiff fill out a form for Family and Medical Leave Act (FMLA) leave, and Plaintiff was authorized for leave from 1/30/14 to 4/23/14.

- Page 3 of 8 -

21. Plaintiff returned to work at LUXOR from FMLA and reiterated to Defendant his disability and need for reasonable accommodations.

22. Again, LUXOR made no effort to comply with the requirements of the American Disabilities act Title II.

23. On or about August 7, 2014, Defendant discharged Plaintiff, explaining to him that he was terminated due to his disability.

24. Due to Defendant's discriminatory conduct and causing Plaintiff to be terminated for his disability, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (hereinafter, "EEOC"). Upon information and belief, this complaint was filed with the EEOC within the necessary and appropriate time period, and was also jointly filed with the Nevada Equal Rights Commission.

25. On or around April 23, 2015, Plaintiff received a "Right to Sue" letter from the EEOC, providing that Plaintiff had the right to file a suit in a court of law to enforce his rights in regard to this matter.

26. As a result of the discriminatory conduct that Defendant committed and allowed to continue at the LUXOR, Plaintiff suffered loss of wages and loss of benefits as well as significant emotional and physical distress and humiliation due to the discrimination Defendant subjected Plaintiff to during that time at the LUXOR following his diagnoses.

27. While Plaintiff did all that he could to mitigate his damages, he remains underemployed and relying on insurance benefits that will soon expire.

…

…

…

…

…

## III.

## FIRST CLAIM FOR RELIEF

(Unlawful Employment Discrimination)

(Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166))

28. Plaintiff repeats and re-alleges the allegations contained above and by this reference incorporate the same herein as if set forth in full.

29. As explained above, Plaintiff timely and appropriately filed a complaint with the EEOC and NERC, and has since received his "Right to Sue" letter giving Plaintiff the authority to bring this action to enforce his rights under the ADA of 1990, as amended. Plaintiff is filing this Complaint within the 90 days provided in this "Right to Sue Letter" received from the EEOC.

30. Plaintiff's employment was terminated, in substantial part, due to his physical disability, and Defendant's failure to provide reasonable accommodations.

31. As a proximate result of Defendant's discrimination against Plaintiff on the basis of disability, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, and numerous employment benefits.

32. Defendant failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline its supervisors, administrators, and employees with deliberate and reckless indifference to Plaintiff's rights, which were thereby violated as described above all to his damage in an amount in excess of $10,000.00.

33. The discrimination Plaintiff was subject to was intentionally done by Defendant's agents, and Defendant subjecting Plaintiff to such discrimination and termination

on the basis of disability was done with conscious and reckless indifference to these federally protected rights of Plaintiff within the meaning of 42 U.S.C. 1981a.

34. Based on the above, Plaintiff is entitled to compensatory damages resulting from the Defendant's violation of the aforementioned rights and provisions under 42 U.S.C. 12112 - 12117 in accordance with, and as provided in, 42 U.S.C. § 1981a, in excess of $10,000.00.

35. Based on the above, Plaintiff is entitled to punitive damages resulting from the Defendant's violation of the aforementioned rights and provisions under 42 U.S.C. § 12112 - 12117 in accordance with, and as provided in, 42 U.S.C. § 1981a, in excess of $10,000.00.

36. Plaintiff has been forced to pursue this action in search of justice and to enforce the provisions of 42 USC § 12112and 42 U.S.C. § 1981a and is therefore entitled to be awarded reasonable attorney's fees as part of his costs pursuant to 41 U.S.C. § 1988 in an amount in excess of $10,000.00.

IV.

SECOND CLAIM FOR RELIEF

(Employment Discrimination in Violation of NRS § 613.330)

37. Plaintiff repeats and re-alleges the allegations contained above and by this reference incorporate the same herein as if set forth in full.

38. Under NRS § 613.330, an employer is prohibited from discharging an employee or otherwise discriminating against employees in regard to their compensation, terms, conditions or privileges of employment on the basis of race, color, religion, sex, sexual orientation, gender identity, age, disability, or national origin.

39. As explained above, Defendant by and through its agents, and through its own actions and failures, discriminated against Plaintiff on the basis of his disability.

- Page 6 of 8 -

40. This discrimination continued and escalated to the point where Plaintiff was discharged, with his initial attempt to address this discrimination, and his discharge motivated by such, being ignored by Defendant.

41. As a direct and proximate result of the actions and failures of Defendant, Plaintiff has suffered emotional distress, humiliation, embarrassment, and related damages in an amount according to proof.

42. Defendant failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline its supervisors, administrators, and employees with deliberate and reckless indifference to Plaintiff's rights, which were thereby violated, as described above, all to his damage in an amount in excess of $10,000.00.

43. That as a direct result of the acts and omissions of the Defendant, Plaintiff was caused to suffer humiliation, emotional distress, mental and physical pain and suffering, lost wages and benefits, and incurred other related costs, including but not limited to attorney fees in excess of $10,000.00.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint at time of Trial to include all items of damages not yet ascertained, prays for each and every aforementioned cause of action, the following relief against Defendant:

1. For declaratory relief that Defendant violated the American with Disabilities Act of 1990 as amended, and NRS 613.360 by allowing the continuing discrimination and wrongful termination of Plaintiff on the basis of disability;
2. For injunctive relief enjoining Defendant and all those employed therewith from engaging in any employment practices which discriminate in violation of Title IV and NRS 613.360, and to implement, enact, and enforce anti-discrimination and/or anti-harassment policies and complaint procedures.
3. For general damages in an amount in excess of ten thousand dollars ($10,000.00); a sum to proven at trial;
4. For special damages in an amount in excess of ten thousand dollars ($10,000.00); a sum to proven at trial;

5. For economic damages in an amount in excess of ten thousand dollars ($10,000.00); a sum to proven at trial;
6. For compensatory damages pursuant to 42 U.S.C. § 1981a in a sum to be determined at trial;
7. For punitive damages pursuant to 42 U.S.C. § 1981a in a sum to be determined at trial;
8. For reasonable attorneys' fees and costs herein pursuant to 42 U.S.C. § 1988;
9. For prejudgment interest as provided by law; and
10. For such other and further relief as the Court may deem just and equitable.

DATED this 17th day of July, 2015.

/s/ ROBERT J. FLUMMERFELT, ESQ.

ROBERT J. FLUMMERFELT, ESQ.
Nevada Bar No.: 11122
ELIZABETH M. TULLIO, ESQ.
Nevada Bar No. 13600
**CANON LAW SERVICES, LLC**
CanonLawServices@Gmail.com
7251 West Lake Mead Blvd., Suite 300
Las Vegas, Nevada 89128
Telephone: (702) 562-4144
Facsimile: (702) 866-9868

Attorneys for Plaintiff Bernard Sands